## THE STATE OF KANSAS v. GEORGE A. DRUITT.

1. INFORMATION, *Sufficient to Support Verdict.* An information sworn to by the county attorney on information and belief, was filed on the 12th day of March, in the office of the district clerk, together with affidavits of witnesses sworn to that day. The verification of the information was upon the 10th; the defendant was convicted of an offense set forth in the information, and detailed in one of the affidavits filed therewith. *Held,* On motion for a new trial, that such information was sufficient to support the verdict, although the affidavits filed therewith were sworn to two days after the verification of the information.

2. WITNESS—*Impeachment.* When the state is introducing evidence, the defendant cannot read affidavits filed with the information, for the purpose of impeaching the affiant, who is a witness called by the state, until after the state has rested its case.

3. COMPETENT WITNESS *as to Location and Name of Building.* One may testify to the location of a building and the name it is known by, although he may not know of his own knowledge that it was occupied by defendant, and does not know personally of the crime with which the defendant is charged with having committed therein.

*Appeal from Cowley District Court.*

PROSECUTION for a violation of the prohibitory liquor law. At the September term, 1888, the defendant *George A. Druitt* was tried and found guilty on the first and fourth counts of the information. New trial denied, and sentence on each count to pay a fine of $500, to be imprisoned in the county jail ninety days, and to pay the costs of the prosecution. Defendant appeals.

*Henry T. Sumner,* for appellant.

*L. B. Kellogg,* attorney general, and *C. L. Swarts,* county attorney, for The State.

Opinion by HOLT, C.: This action was tried at the September term, 1888, of the Cowley district court, and the defendant convicted on two counts in the information charging him with violating the prohibitory liquor law; he appeals to this court. The information was verified by the county attorney on information and belief, and affidavits of John W. Kreamer and L. E. Woodin jr. were filed with it. The date of filing was March 12, 1888; the information was sworn to by the county attorney on the 10th and the said affidavits on the 12th of March, 1888. There was no motion to quash the information, or in arrest of judgment, but the defendant made a motion for a new trial as follows:

"1. The court admitted illegal testimony on the trial of this case.

"2. The court misdirected the jury in a material part of law on the trial of this cause, by stating to the jury and the attorney for defendant on the argument of said cause that the sworn statements of the witnesses John W. Kreamer and L. E. Woodin jr., taken by the county attorney under the provisions of § 8, chapter 149, Laws of 1885, commonly called the prohibitory liquor law, and filed with the information in this case, which said information was verified on information and belief only, the names of said witnesses being also indorsed on said information. The court refused to allow the defendant's attorney to compare the said statements so filed with the

information, and refused to instruct the jury that the defendant could not be convicted of any violation of said law not referred to and set forth in said statements—said statements being all the statements filed by the county attorney with said information. The court by so refusing deprived the defendant of his rights under the law. The court erred in refusing to allow defendant to read said statements to the jury for the purpose of limiting the conviction, if any should be, to the violations named in said statements.

"3. The verdict is contrary to law, and is contrary to the evidence."

The defendant complains that the verification of the information is insufficient. It is questionable whether this objection is fairly raised in the record. We think, however, that the verification was sufficient, certainly under the objections made to it. The information with accompanying affidavits were all filed at the same time, and surely that was sufficient to authorize the issuing of the warrant. It is not necessary that the information sworn to by the county attorney on information and belief should be based upon an affidavit made before the information is sworn to. He may have been informed by a reliable witness under oath, not in writing, of the specific offense of which the defendant was afterward convicted, and may have had them in his mind at the time the information was verified.

Another objection urged is, that the court refused to allow defendant's attorney to read the affidavit of John W. Kreamer, who was also a witness at the trial. The record shows that after the examination of Kreamer and before the state had rested, the attorney for the defendant asked leave to read this affidavit. This was objected to by the county attorney, and the court then asked the defendant's attorney if he offered the affidavit in evidence; he replied, "I simply desire to read it to the jury as being part of the files in this case." The court refused to allow him to read the affidavit at that time. This was not error. The state had not completed the introduction of its evidence, and it would have been an irregular and uncalled-for proceeding for the defendant's attorney to

read this paper at that time. Being part of the files of the case, it could have been used by the defendant when he introduced his own testimony, or he might have read it in his argument to the jury. There is an inference from his motion for a new trial that this was not allowed by the court, but there is nothing in the record to substantiate it.

The only other complaint of the defendant that we care to notice is, that L. E. Woodin jr. was permitted to designate the place where the liquors were sold and kept for sale in violation of law. He did not personally know of the guilt of defendant; he simply testified that the premises, describing them, were occupied as a restaurant known as "the European restaurant;" but other witnesses clearly established the fact that this restaurant, at the time this offense was committed, was occupied by the defendant.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.